**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KELLY A. MAUDLIN,**

             **Plaintiff,**

**-vs-**                                             **Case No. 6:08-cv-47-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

             **Defendant.**
_____

## MEMORANDUM OPINION & ORDER

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. For the reasons that follow, the decision of the Commissioner is **REVERSED** and **REMANDED**. Although oral argument was requested by Plaintiff, the Court has elected to decide the case on the papers.

### *I. BACKGROUND*

    **A.**    **Procedural History**

Plaintiff filed for a period of disability and disability insurance benefits in January 2004, alleging an onset of disability on August 14, 2003, due to fibromyalgia, rheumatoid arthritis, migraine

headaches, tremors, right side difficulty, and depression. R. 14, 63-65, 71. Her application was denied initially and upon reconsideration. R. 25-41. Plaintiff requested a hearing, which was held on October 19, 2005, before Administrative Law Judge Judith Showalter (hereinafter referred to as "ALJ"). R. 640-71. In a decision dated November 10, 2005, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 14-22. Plaintiff timely filed a Request for Review of the ALJ's decision and the Appeals Council denied Plaintiff's request on November 9, 2007. R. 5-7. Plaintiff filed this action for judicial review on March 4, 2008. Doc. No. 1.

### B. Medical History and Findings Summary

Plaintiff, who was born in 1966 (R. 63, 642), was thirty-nine years old as of the final decision (Tr. 24). She has a high school education by GED and past work as a waitress and office clerk. R. 96-103, 113-19, 121-22, 125, 643-45. After 18 years of working, Plaintiff was terminated from her last employment at Guardian Security as a result of her missing increased numbers of days from work due to her rheumatoid arthritis and fibromyalgia. R. 366.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of fibromyalgia, rheumatoid arthritis, migraine headaches, tremors, right side difficulty, and depression, with the tremors as her worst issue. R. 74, 81, 90-91, 93, 95, 120, 645-55, 659-61. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from fibromyalgia syndrome with positive rheumatoid factor, anxiety, and tremor, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 16-18, Findings 3, 4. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform a significant range of light work R. 19, Finding 5. In making this

determination, the ALJ found that Plaintiff's allegations regarding her limitations were not totally credible for the reasons set forth in the body of the decision. R. 19. Based upon Plaintiff's RFC, the ALJ determined that she could not perform past relevant work. R. 22. Considering Plaintiff's vocational profile (including a semi-skilled work background - R. 22) and RFC, and based on the testimony of the Vocational Expert ("VE") the ALJ concluded that Plaintiff had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. R. 23, Finding 10. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 24, Finding 24.

Plaintiff now asserts three points of error. First, she argues that the ALJ erred by finding she had the RFC to perform light work contrary to the treating rheumatologist's and consulting psychologist's opinions and restrictions. Second, she claims the ALJ erred by improperly applying the pain standard and in evaluating her credibility. Third, Plaintiff argues the ALJ erred in failing to consider the testimony of her mother, who lives with her. For the reasons that follow, the decision of the Commissioner is **REVERSED**.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable

person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *III. ANALYSIS*

**A.     RFC and the treating physician's and consulting examiner's opinions.**

Plaintiff claims that the ALJ should not have found her able to perform light work and ignored the limitations assigned by her treating rheumatologist and the consulting psychologist which precluded the performance of any work. Plaintiff argues that the ALJ gave controlling weight to the opinion of a non-examining State agency consultant while ignoring or disregarding the expert medical opinions of all other treating and examining doctors, in violation of the Commissioner's regulations' the ALJ failed to consider the examining relationships of the physicians, and the specialties of the physicians as required by 20 C.F.R. §404.1527. The Commissioner contends that the ALJ's opinion was based on substantial evidence in the record. The Court finds that the ALJ's rejection of the

opinions of treating physician, Dr. Kohen, and consulting examiner, Dr. Ludvigh, and exclusive reliance on the opinions of the DDS physicians was error and not based on substantial evidence.

Residual functional capacity is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; *Edwards*, 937 F.2d at 583; 20 C.F.R. §§ 404.1527(d), 416.927(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (opinion of treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary"). Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).

The ALJ determined that Plaintiff could do light work, which under the SSA regulations requires lifting up to twenty pounds and standing up to six hours, based on the opinion of the DDS physicians. R. 19. The ALJ also found Plaintiff had no limit on her ability to use her left hand, and she could frequently use her right hand to reach, handle, and finger while occasionally reaching overhead and operating hand controls. R. 19.

Dr. Kohen opined that Plaintiff could never lift more than 10 pounds, could sit, stand, or walk for less than two hours out of an eight-hour workday; had significant limitations with reaching, handling, and fingering which included the inability to use her right hand to grasp, turn or twist objects more than 10% of an eight hour workday, the inability to use her left hand to grasp, turn or twist objects more than 20% of an eight-hour workday, the inability to use the fingers on her right hand for fine manipulations more than 5% of an eight hour workday, the inability to use the fingers on her left hand for fine manipulations more than 10% of an eight-hour workday, the inability to use her right arm to reach more than 5% of an eight-hour workday, and the inability to use her right arm to reach more than 10% of an eight-hour workday. R. 510-11. The Court agrees with Plaintiff that, in this case, the ALJ erred in rejecting the opinion of her treating rheumatologist, Dr. Kohen, the specialist treating Plaintiff over a *four-year period* for fibromyalgia, rheumatoid arthritis, and chronic fatigue syndrome, who was far more qualified to assess Plaintiff's capacities than a non-examining physician who specializes in pediatrics and found Plaintiff was only limited to light work. R. 508-12.

The ALJ described Dr. Kohen's opinion but rejected it based on the *partial* opinion of the DDS physician:

> Dr. Kohen opined on March 10, 2004 that the claimant could not work due to pain. . . . [citing applicable regulations] . . A *Fibromyalgia Residential Residual Functional Capacity Questionnaire* dated May 15, 2005, by Dr. Kohen opined that the claimant had multiple tender points, anxiety, panic attacks, depression, and chronic fatigue syndrome; was incapable of even low stress jobs; sit for less than two hours and stand and walk for less than two hours in an eight hour working day; could rarely lift less than 10 pounds; rarely crouch, squat, climb stairs, look up or look down; and never twist, climb ladders, turn her head right or left or hold her head in a static position; was limited in handling, fingering, or reaching. The opinion of this doctor appears on a fill-in-the-blank form, with only marginal notes attached to it. Such reports unaccompanied by a thorough written report have been determined by the courts to be weak evidence and their reliability is suspect. Furthermore the opinion of this doctor, who assessed the claimant with the residual functional capacity of less than sedentary work is not afforded any significant weight as this opinion conflicts

> with the substantial evidence of record, documenting less severe limitations. The doctor did not adequately consider the entire record, including the statements from collateral sources and the objective findings of other treating physicians. The objective evidence in the record does not support the level of severity that this doctor assigns.

R.21 (citation to case law and SSA regulations omitted). Instead, the ALJ relied on the Physical RFC Assessment dated September 15, 2004 completed by a non-examining state agency physician from the Disability Determination Service (DDS) who opined that Plaintiff was capable of a significant range of light work. R. 21.

The ALJ "assigned significant weight to the state agency medical consultant's opinion with regard to the claimant's physical limitations . . . because it was based upon a through [sic] review of the evidence and familiarity with Social Security Rules and Regulations and legal standards set forth therein." R. 21. The ALJ does not cite *any* specific evidence on which the DDS relied that contradicted Dr. Kohen's opinion, the ALJ states rather generically that the DDS reviewing physician's opinion "is well-supported by the medical evidence, including the claimant's medical history and clinical and objective signs and findings as well as detailed treatment notes, which provides a reasonable basis for claimant's chronic symptoms and resulting limitations." R. 21. She also states "Moreover, this opinion is not inconsistent with other substantial evidence of record" (R. 21), but fails to state what evidence that is exactly.

The ALJ goes on to state that she considered "this opinion" which follows her discussion of the opinion of DDS physician, Dr. Guttman, because "it was based upon a thorough review of the evidence and familiarity with [the SSA regulations]." R. 21. However, in the same paragraph, the ALJ rejects the portion of the opinion that did not support her finding, *i.e.*, that Plaintiff had marked limitations but states it is by a state agency **consultant** rather than a reviewing physician like Dr.

-7-

Guttman (R. 411-18): "Although the state agency **consultant** opined that the claimant had marked limitations, the claimant's medical condition indicates less severe exertional limitations. Moreover, this doctor did not have the opportunity to review the additional medical evidence submitted after their evaluations or to listen to the sworn testimony of the claimant or to observe the claimant's demeanor." R. 21. As an initial matter, there is no question on a *physical* RFC assessment that asks for limitations, instead the limitations are for very specific amounts of time in hours, or weights, or "frequently, occasionally, or never" etc.; there is no question that asks about "mild" or "marked." Thus, the ALJ's citation to "marked limitations" is referring to some other report besides the Physical RFC Assessment of Dr. Guttman, Board Certified in Pediatrics. R. 414-418.

It appears to the Court that the ALJ may have been referring to the opinion of the consulting psychologist Dr. Ludvigh, who found (on the form immediately preceding Dr. Guttman's RFC Assessment) in a *Mental* Residual Functional Capacity Assessment (R. 407-10) dated August 24, 2004, based on her mental health *examination* of Plaintiff that she was *markedly* limited in the ability to maintain attention and concentration for extended period and the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. R. 407. Dr. Ludvigh opined that Plaintiff was moderately limited in five of the remaining twelve categories. R. 407-08. Dr. Ludvigh states, "Please see attached report" which may refer to some report not in the record, but more likely refers to her April 2004 report which is in the record and marked received by the SSA or DDS as of May 7, 2004.

Dr. Ludvigh conducted a one hour interview with Plaintiff, "focusing on her psychosocial history, current psychological status, and vocational goals and experience." R. 365. In her detailed report, Dr. Ludvigh opined that Plaintiff was experiencing depression characterized by crying spells,

insomnia, feelings of hopelessness, fatigue, emotional negativity, pessimism, slowed physical performance, irritability, reduced self-esteem, and heightened distractability. R. 367. "She can have difficulty in effectively focusing on productive activities and her mind tends to wander to critical, suspicious, anxious, or other depressive thoughts. This will often cause Kelly to appear distracted, temperamental, moody, and/or unconcerned with many basic life and vocational activities." R. 367. She also noted that Plaintiff "is currently receiving antidepressant medication which helps reduce the severity of her depressive symptoms. At this time her symptoms would be classified as mild, but they would undoubtedly be more severe if she were not taking antidepressant medication." R. 367. Dr. Ludvigh noted:

> Kelly is also affected by the fact that her depression causes her to be more sensitive to any negative aspects of her environment. She has very genuine and legitimate medical problems, but her depression and pessimism will cause her to tend to periodically be overly focused on these problems, overly sensitive to any somatic symptoms, and to experience her genuine symptoms as being somewhat more debilitating than they actually are. *She is not malingering or consciously exaggerating her medical problems, and this dynamic is a common associated problem in individuals with depression and significant medical problems.* Her chronic pain and migraine headaches are also likely to be more frequent and severe during periods of increased environmental stress.
>
> Kelly additionally has developed a Post Traumatic Stress Disorder (PTSD) relating to the automobile accident in which she was injured last year. She experiences nightmares relating to this accident approximately once every two weeks, becomes physically and emotionally over-aroused when she thinks about her accident, is tense and hypervigilant while driving, and becomes acutely distressed when she is near the scene of her accident. The emotional and physical over-arousal associated with her PTSD will exacerbate her stress related somatic distress.

R. 367.

The consulting examiner's opinion as to Plaintiff's mental health and depression is a key part of the assessment of her capabilities. Plaintiff was being treated by a rheumatologist for her fibromyalgia and being prescribed antidepressants related to that impairment. She was not being

-9-

treated separately by a psychologist. Dr. Ludvigh's explanation as to Plaintiff's symptoms and "marked" limitations should have been given significant weight, which the ALJ did not. Nor did the ALJ properly explain why she discredited Dr. Ludvigh's opinion.[1] In an earlier section of the ALJ's opinion, the ALJ does describe some of Dr. Ludvigh's factual findings, but does not mention the Mental RFC Assessment (R. 407-10) and does not cite or discount the portion from Dr. Ludvigh's consulting examination and testing that the Court cites above. Moreover, it certainly appears to the Court that the ALJ in this case selected only the evidence that supported her findings and ignored evidence to the contrary. The ALJ's determination was not supported by substantial evidence. Accordingly, the Commissioner's decision is **REVERSED** and **REMANDED**.

Because of the Court's disposition finding the ALJ erred in rejecting the opinions of Dr. Kohen and Dr. Ludvigh, it is unnecessary to reach the issue of the ALJ's findings on Plaintiff's subjective complaints or failure to discuss the testimony of Plaintiff's mother at the hearing. All of the items described herein should be reevaluated as a part of the remand in light of the reconsideration of the proper impact of Dr. Ludvigh's opinions.

### *IV. CONCLUSION*

For the reasons set forth above, the ALJ's decision is not consistent with the requirements of law and is not supported by substantial evidence. Accordingly, the Court **REVERSES** and **REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

---

[1] As noted above, the ALJ's opinion may be partially missing or garbled with regard to its treatment and analysis of Dr. Ludvigh's opinions.

**DONE** and **ORDERED** in Orlando, Florida on February 12, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record